```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


TOMMY E. LAMPLEY,              )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 3:03 cv 338
                               )
DAN R. McBRIDE, et al.,        )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Take Depositions in Order to Preserve Testimony for Trial filed by the plaintiff, Tommy Lampley, on April 14, 2005.

Background

On March 3, 2005, Lampley filed a motion to take depositions in order to preserve testimony for trial. On March 28, 2005, this court denied the motion because Lampley made no showing that the depositions were necessary to preserve the testimony of any witness under Federal Rule of Civil Procedure 32 and failed to name the witnesses he sought to depose. The plaintiff also impermissibly sought to have the court bear the cost of these depositions.

On April 14, 2005, Lampley filed a second motion for depositions. This motion is essentially the same as the first, except that it asserts that "some witnesses live more than 100 miles from the court, [and] are unavailable because of imprisonment."

The second motion provides a list of witnesses, and again demands that the court pay the deposition costs.

## Discussion

Because Lampley seeks to have the court reverse its decision to deny the first motion for depositions, the court treats his second motion for depositions as a motion to reconsider. Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994).  *See also* *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted).  In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

> 56 F.3d at 828

*See also* **Oto v. Metropolitan Life Insurance Company,** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); **Divane v. Krull Electric Company**, 194 F.3d 845, 850 (7th Cir. 1999); **LB Credit Corporation v. Resolution Trust Corporation**, 49 F.3d 1263, 1267 (7th Cir. 1995).  Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  **Global View Ltd. Venture Capital v. Great Central Basin Exploration**, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

As in his first motion, Lampley seeks to preserve the testimony of witnesses through depositions taken at the expense of the court.  Because this court's February 28, 2005 Order explained that the plaintiff does <u>not</u> need to seek leave of court to take depositions and that this court will <u>not</u> pay for the plaintiff's discovery expenses, the court will not repeat the legal basis for its prior explanation here.  However, a brief explanation of Rule 32, which allows for the use of depositions in court, appears necessary.

A party is not entitled to take a deposition as of right.  If a party chooses to take a deposition, the deposition may be upon oral examination pursuant to Federal Rule of Civil Procedure 30, or upon written question, pursuant to Federal Rule of Civil

3

Procedure 31.  Rule 32, which allows for the use of depositions in trial, permits the use of a deposition for any purpose if the deposed witness lives more than 100 miles from the court or the witness is unable to attend due to imprisonment.  *See* Rule 32(a)(3).  However, Rule 32 <u>only becomes relevant</u> once a deposition has been taken.  Furthermore, any depositions sought by either party must take place prior to the discovery deadline established by this court.

On April 14, 2004, this court established a discovery deadline of July 15, 2004.  Thus, in addition to the deficiencies outlined in this court's March 28, 2005 Order, the plaintiff's petition is nine months too late.

_____

For the reasons set forth above, the Motion to Take Depositions in Order to Preserve testimony for Trial filed by the plaintiff, Tommy Lampley, on April 14, 2005 is **DENIED**.  The plaintiff is **WARNED** that any further motions to conduct discovery will be **STRICKEN**.

ENTERED this 24th day of May, 2005

                                          s/ ANDREW P. RODOVICH
                                              United States Magistrate Judge